1 **GOODWIN PROCTER LLP**
Kurt M. Kjelland (CSB No. 172076)
2  kkjelland@goodwinprocter.com
Nicole S. Cunningham (CSB No. 234390)
3  nscunningham@goodwinprocter.com
4365 Executive Drive, 3rd Floor
4  San Diego, CA 92121
Telephone: 858.202.2700
5  Facsimile: 858.457.1255

6

7 Attorneys for Defendants Berthold Technologies U.S.A., LLC and Berthold Technologies GMBH & Co., KG

8

9                    **UNITED STATES DISTRICT COURT**

10                   **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11  ANTICANCER, INC., | Case No.: 3:10-cv-02343-JAH (JMA) |
| 12          Plaintiff, | Judge:   John A. Houston |
| | Complaint Filed: November 11, 2010 |
| 13      v. | Date: March 28, 2011 |
| 14  BERTHOLD TECHNOLOGIES, U.S.A., LLC and BERTHOLD TECHNOLOGIES GMBH & CO., KG, et al | Time: 2:30 PM |
| | Courtroom: 11 |
| 15 | |
| 16  Defendants. | |

17

18       **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE**
                    **ALTERNATIVE, TO TRANSFER**

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................... 1

II.  RELEVANT FACTS .............................................................................................. 1

III. BERTHOLD GERMANY IS NOT SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA ..................................................................... 3

    A.  Specific Jurisdiction Over Berthold Germany Does Not Exist in California.......... 5

    B.  General Jurisdiction over Berthold Germany Does Not Exist in California........... 6

    C.  Exercising Jurisdiction Over Berthold Germany Would Offend Traditional Notions of Fair Play and Substantial Justice. ......................................................... 7

IV.  VENUE IS NOT PROPER IN THIS DISTRICT OVER THE CLAIMS AGAINST BERTHOLD USA ................................................................................................. 8

    A.  Specific Jurisdiction Does Not Exist over Berthold USA in this District ............... 9

    B.  General Jurisdiction Does Not Exist over Berthold USA in this District ............... 9

V.   THE CASE SHOULD BE DISMISSED OR TRANSFERRED ........................ 10

VI.  CONCLUSION ................................................................................................... 111

# TABLE OF AUTHORITIES

Cases .......................................................................................................................................... Page(s)

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712
    (4th Cir. 2002) ..................................................................................................................... 6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) .............................................. 4, 5, 7

*Bohara v. Backus Hosp. Medical Benefit Plan*, 390 F. Supp.2d 957, 960
    (C.D.Cal. 2005) ..................................................................................................................... 8

*Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1241
    (9th Cir. 1984) .................................................................................................................. 4, 10

*Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1270
    (Fed. Cir. 1998) ..................................................................................................................... 4

*DakColl Inc. v. Grand Central Graphics, Inc.*, 352 F. Supp. 2d 990, 995
    (D.N.D. 2005) ....................................................................................................................... 4

*Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*,
    297 F.3d 1343, 1348 (Fed. Cir. 2002) ................................................................................... 3

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) ........................................................................... 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) .............................. 5

*Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002) ............................................. 3

*Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) ....................................... 8

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1373-74 (Fed. Cir. 2000) ....................... 4

*Madara v. Hall*, 916 F.2d 1510, 1517 (11th Cir. 1990) .................................................................. 7

*Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*,
    64 F. Supp. 2d 448, 452 (E.D. Pa. 1999) .............................................................................. 6

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) ...................... 8

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359
    (Fed. Cir. 1998) ..................................................................................................................... 5

*Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201-02 (Fed. Cir. 2003) ......................... 3

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279
    (Fed. Cir. 2005) ..................................................................................................................... 4

*VE Holdings Corp. v. Johnson Gas Appliance*, 917 F.2d 1574 (Fed. Cir. 1990) ............................ 8

<u>Other Authorities</u>

28 U.S.C. § 1391(c) .................................................................................................................. 8

28 U.S.C. § 1400(b) ....................................................................................................... 1, 8, 9, 10

28 U.S.C. § 1406(a) ................................................................................................................. 10

## I. INTRODUCTION

Plaintiff should not have filed this case in the Southern District of California, since Berthold Germany is not subject to personal jurisdiction in California. Plaintiff's Complaint fails to even include any allegation that personal jurisdiction over Berthold Germany is proper in California. Berthold Germany has not committed any alleged acts of infringement in this state. In fact, Berthold Germany has not manufactured, sold, or distributed any of the allegedly infringing products anywhere in the United States. Furthermore, Berthold Germany does not have any continuous or systematic contacts with California. Accordingly, Berthold Germany is not subject to the jurisdiction of this Court.

Furthermore, venue over the claim against Berthold USA is not proper in this District. Plaintiff's Complaint conclusorily states that venue is proper. However, Plaintiff does not allege any facts in support of this bare assertion. Venue determinations in patent infringement cases are governed by 28 U.S.C. §1400(b). Under that statute, patent infringement cases may only be brought where (1) the defendant resides or (2) where the defendant has committed acts of infringement and has a regular and established place of business. For venue purposes, a corporation is deemed to reside in any district where it would be subject to personal jurisdiction if the district was deemed to be a state. Berthold USA has not manufactured, sold, or distributed any of the allegedly infringing products in this District and is not otherwise subject to jurisdiction within this district. Accordingly, this District is the improper venue for the claims over Berthold USA.

Since venue is improper in this Court with respect to Berthold USA and this Court does not have personal jurisdiction over Berthold Germany, the case must be dismissed or, in the alternative, transferred to the Eastern District of Tennessee at Knoxville, where venue and jurisdiction are proper.

## II. RELEVANT FACTS

Plaintiff alleges that certain imaging products sold by Defendants infringe the claims of Plaintiff's '038 and '159 patents when the products are used for certain purposes. These allegedly infringing products include the NightOWL LB 981 NC 100, NightOWL II LB983, NightOWL II

1

LB 983 NC 320, and the NightOWLcam NC 320 ("accused products"). Berthold Germany is a German corporation. Berthold USA is a wholly owned subsidiary of Berthold Germany and has its principal place of business in Oak Ridge, Tennessee. Oberhofer Decl., Ex. A, ¶3 & Mullins Decl., Ex. B, ¶3. Berthold Germany designs and manufactures the accused products at its facilities in Germany. Ex. A, ¶4. Berthold Germany does not distribute or sell the accused products anywhere in the United States. Berthold Germany does not have any employees within the United States. *Id.* Rather, Berthold USA purchases the accused products from Berthold Germany FOB Germany. In other words, Berthold USA takes possession of the accused products in Germany and pays for transportation of the products to its Tennessee headquarters. Ex. A, ¶5 & Ex. B, ¶4. Berthold USA and its third party sales agents are solely responsible for all sales of the accused products within the United States and Berthold USA ships the products from its Tennessee headquarters to U.S. purchasers. Ex. A, ¶6 & Ex. B, ¶5. Berthold Germany does not and has never directly manufactured, sold, or shipped the accused products in or to California or anywhere else in the United States. Ex. A, ¶7.

Berthold USA has sold a total of seven accused products since November 12, 2004.[1] Ex. B, ¶6. Four of these products were sold to entities in California. *Id.* These entities were located in the Los Angeles, San Francisco, and Sacramento areas. *Id.* The accused products were shipped from Oak Ridge, Tennessee, directly to these entities. *Id.* Berthold USA has not done any business related to the accused products in San Diego or elsewhere in the Southern District of California. Ex. B, ¶7. Berthold USA has not manufactured, sold, or distributed the accused products within the Southern District of California. *Id.*

Furthermore, neither Defendant maintains any stock of goods within California. Ex. A., ¶ 9 & Ex. B, ¶8. The Defendants have not appointed any agent for service of process in the State of California. *Id.* The Defendants do not own any tangible or real property in California. *Id.* The Defendants do not hold any bank accounts in California. *Id.* The Defendants have never initiated

---

[1] Claims for patent infringement are subject to a six year statute of limitations in accordance with 35 U.S.C. § 286. November 12, 2004, is six years prior to the Complaint's filing date.

1  suit or otherwise sought to utilize the court systems of California.  *Id.*  The Defendants have no

2  permanent corporate office, branch office or comparable facility in California and have no

3  telephone listings or mailing addresses in California.  *Id.*  None of either Defendant's officers,

4  directors, or employees reside or are domiciled in California.  *Id.*  The burden on Defendants to

5  defend a suit in California is substantial because they have no substantive operations in California

6  and requiring their employees' presence in California will damage their ability to conduct the daily

7  affairs of the business.  Ex. A., ¶10 & Ex. B, ¶9.  Thus, Defendants should not be subject to the

8  Court's jurisdiction.

## III.   III. BERTHOLD GERMANY IS NOT SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA

Plaintiff's Complaint does not allege that personal jurisdiction is proper over either Defendant in California and it clearly is not with respect to Berthold Germany.  Berthold Germany does not have any business presence in California. Berthold Germany has not committed any alleged acts of infringement in California.  It has not sold any of the accused products in California.  It has not shipped any of the products to California.  It has no employees residing in California.  Thus, Plaintiffs' Complaint against Berthold Germany must be dismissed.

Federal Circuit law controls as to whether personal jurisdiction may be exercised over an out-of-state defendant in a patent infringement action. *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002); *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002). This decision involves a two-part analysis: (1) whether jurisdiction is appropriate under the applicable state long-arm statute; and (2) whether the requirements of constitutional due process are satisfied. *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1201-02 (Fed. Cir. 2003).  The Due Process Clause of the Fourteenth Amendment "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). California's long-arm statute extends to the limits of due process, and thus, the Court may

3

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS          CASE NO. 3:10-cv-02343-JAH (JMA)

1  bypass analyzing the reach of the long-arm statute and proceed directly to the due process
2  analysis. *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1241 (9th Cir. 1984).
3       To meet its burden of establishing personal jurisdiction over the Defendants, Plaintiffs
4  generally must show (among other things) that maintaining the suit in the forum state comports
5  with due process. *Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir.
6  1998). Due process requires that: (1) Defendants must have some "minimum contacts" with the
7  forum that results from an affirmative act on their part such that Defendants could anticipate being
8  haled into the courts of the forum state; and (2) it must be fair or reasonable to require Defendants
9  to defend a suit in the forum. *Burger King Corp.*, 471 U.S. at 474-77; *LSI Indus. Inc. v. Hubbell*
10 *Lighting, Inc.*, 232 F.3d 1369, 1373-74 (Fed. Cir. 2000).
11      Whether the exercise of personal jurisdiction satisfies due process in a patent infringement
12 case depends on three factors: "(1) whether the defendant 'purposefully directed' its activities at
13 residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities
14 within the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." Silent
15 Drive, 326 F.3d at 1202. The first two factors comprise the "minimum contacts" prong from
16 International Shoe, and the third factor addresses the "fair play and substantial justice" prong of
17 the International Shoe analysis. *Id.*
18      Minimum contacts can be established through contacts sufficient to assert personal
19 jurisdiction that is either "specific" or "general" in nature. LSI, 232 F.3d at 1375. "Both categories
20 of minimum contacts require some act by which the defendant purposefully avails himself or
21 herself of the privilege of conducting activities within the forum state, and thus invoke the benefits
22 and protections of its laws." *DakColl Inc. v. Grand Central Graphics, Inc.*, 352 F. Supp. 2d 990,
23 995 (D.N.D. 2005). Specific jurisdiction exists when the cause of action "arises out of" or "relates
24 to" the defendant's contacts with the forum, even if those contacts are "isolated and sporadic."
25 *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005); *LSI*,
26 232 F.3d at 1375 (*quoting Burger King*, 471 U.S. at 472). For specific jurisdiction to be proper,
27 Plaintiff must show that Berthold Germany "purposefully directed" its activities at the forum's
28 residents, that Plaintiffs' infringement claims arise out of, or relate to, those activities, and that

4

Berthold Germany should "reasonably anticipate being haled into court" in the forum as a result of those activities. Thus, the minimum contacts analysis for specific jurisdiction focuses on the relationship among the defendant, the forum and the litigation. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). General personal jurisdiction requires a greater showing. Specifically, the plaintiff must show that the defendant's contacts with the forum are "continuous and systematic." *Id.* at 415-16. "'Random,' 'fortuitous,' or 'attenuated' contacts do not count in the minimum contacts calculus." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (*quoting Burger King*, 471 U.S. at 475).

Given the absence of contacts with California, or even the United States, relating to the infringement claims in this case, there can be no specific jurisdiction over Berthold Germany; it has not created a "substantial connection" with the forum as the Supreme Court requires for specific jurisdiction. *See Burger King*, 471 U.S. at 476 n.18. Furthermore, it is not fair or reasonable to require Berthold Germany to defend this suit in a forum with which it has no systematic contacts. Accordingly, there is no general jurisdiction either. Thus, the assertion of personal jurisdiction over Berthold Germany by this Court in this matter would violate constitutional due process.

### A. Specific Jurisdiction Over Berthold Germany Does Not Exist in California.

As explained above, Berthold Germany does not and has never manufactured, used, sold, and/or imported the accused products in the United States, much less California. Exhibit A, ¶ 7. Moreover, Plaintiff cannot show that its claim for patent infringement against Berthold Germany arises from or relates to any California-based contacts. On the contrary, to the extent that Berthold Germany has any allegedly infringing operations, those operations occur outside of California. Id., ¶ 4-6. Berthold Germany is not subject to specific jurisdiction in California because it has not purposefully availed itself of the privilege of conducting activities related to this action within this forum. Berthold Germany has not purposefully directed any allegedly infringing activities toward California. Berthold Germany has made no sales or shipments of the accused products in California. Exhibit A, ¶ 4 & 7. Berthold Germany does not actively and/or specifically solicit orders for the accused products from residents of California. Id., ¶ 8. Indeed, Berthold Germany

does not market, manufacture, sell, offer to sell or distribute the accused products within California. Id., ¶ 7.  Accordingly, Berthold Germany lacks minimum contacts and cannot be subject to specific jurisdiction in California.

### B. General Jurisdiction over Berthold Germany Does Not Exist in California.

As described above, Berthold Germany neither conducts business in California nor directs business activity toward California to establish specific jurisdiction. It follows that Berthold Germany cannot be subject to general jurisdiction in California. "[G]eneral jurisdiction is much more difficult to establish than is specific jurisdiction." *Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d 448, 452 (E.D. Pa. 1999); *see also ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) ("To establish general jurisdiction over the defendant, the defendant's activities in the State must have been 'continuous and systematic,' a more demanding standard than is necessary for establishing specific jurisdiction.").  Berthold Germany has no substantial, continuous and systematic contacts with California.  Berthold Germany has no permanent corporate office, branch office or comparable facility in California and has no telephone listings or mailing addresses in California. Id., ¶ 9. None of Berthold Germany's officers, directors, employees or other company representatives resides or is domiciled in California. *Id.* Berthold Germany does not own any tangible or real property in California. *Id.* Berthold Germany does not hold any bank accounts in California. *Id.* Berthold Germany has never initiated suit or otherwise sought to utilize the court systems of California. *Id.* Berthold Germany does not pay salaries to any person or entity located in California. *Id.* Berthold Germany does not maintain any stock of goods within California. *Id.*

In view of the above, general jurisdiction does not exist over Berthold Germany within California, and it would offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over Berthold Germany in California. Berthold Germany lacks even "random," "fortuitous," or "attenuated" contacts with California that, even if they existed, would be insufficient to exercise personal jurisdiction over the company. *Burger King*, 471 U.S. at 475. Berthold Germany has no contacts with California that are substantial, continuous or systematic, and general personal jurisdiction therefore may not be exercised.

### C. Exercising Jurisdiction Over Berthold Germany Would Offend Traditional Notions of Fair Play and Substantial Justice.

Even if a defendant has purposefully established minimum contacts with a forum state, those contacts must then be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Burger King*, 471 U.S. at 476. Factors that are to be considered include: (1) the burden on the defendant of defending the lawsuit in the forum; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interests of the states in furthering substantive social policies. *Madara v. Hall*, 916 F.2d 1510, 1517 (11th Cir. 1990). Taking each of these factors into consideration, an exercise of jurisdiction over Berthold Germany would not be reasonable.

First, the burden on Berthold Germany to defend a suit in California is substantial because it has no substantive business operations in or relationship with California and requiring its employees' presence in California will damage their ability to conduct the daily affairs of the business. Exhibit A, ¶ 10. Berthold Germany has no relationship with the forum, and this fact causes this factor to weigh in favor of Berthold Germany.

Second, the interests of the forum district in adjudicating this dispute are minor when weighed against the interests of other jurisdictions. While California has an interest in providing redress for its residents whose property rights are allegedly injured, where none of the activity complained of as to a defendant occurs within the State, California's interests in adjudicating the suit are de minimus.

Third, Plaintiff's interest in securing effective relief in this forum is minimal. Plaintiff seeks injunctive relief and monetary damages under federal law for alleged patent infringement. Any federal district court could grant the relief that Plaintiff requests. Accordingly, Plaintiff's interest in securing relief in this State is non-existent.

Fourth, no interests of the interstate judicial system in using resources efficiently will be furthered. Finally, no interests of the states in sharing substantive policies will be furthered.

1  Accordingly, Plaintiff cannot provide this Court with a sufficient basis to assert jurisdiction over
2  Berthold Germany, a foreign defendant who is not involved with the accused products in
3  California.

4  **IV.     IV. VENUE IS NOT PROPER IN THIS DISTRICT OVER THE CLAIMS AGAINST BERTHOLD USA**
5

6  Venue is not proper in this District over the claims against Berthold USA.  Venue
7  determinations in patent infringement actions are governed by 28 U.S.C. § 1400(b), which
8  explains "any civil action for patent infringement may be brought in the judicial district where the
9  defendant resides, or where the defendant has committed acts of infringement and has a regular
10 and established place of business."  In determining where a corporate defendant "resides," the
11 court looks to 28 U.S.C. § 1391(c), which provides that:

> [A] corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.

17 28 U.S.C. § 1391(c); *see also VE Holdings Corp. v. Johnson Gas Appliance*, 917 F.2d 1574 (Fed.
18 Cir. 1990).  "Plaintiff has the burden of proving that venue is proper in the district in which the
19 suit was initiated."  *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005),
20 citing *Airola v. King*, 505 F. Supp. 30, 31 (D. Ariz. 1980); *see also Piedmont Label Co. v. Sun
21 Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Bohara v. Backus Hosp. Medical Benefit
22 Plan*, 390 F.Supp.2d 957, 960 (C.D.Cal. 2005).

23 Plaintiff has not asserted any basis for its assertion of venue in the Complaint, probably
24 because it cannot determine any proper basis for such an assertion.  As explained above, Berthold
25 USA has not manufactured, sold, or distributed the accused products within the Southern District
26 of California.  Accordingly, it has not "committed any acts of infringement" within the District as
27 required by the second prong of Section 1400(b).  Therefore, Berthold USA must be found to
28 "reside" in this District for venue to be proper, i.e. Berthold USA must have sufficient contacts

with this District to subject it to personal jurisdiction if this District were a separate State. The law concerning personal jurisdiction is explained above with regard to Berthold Germany. Like Berthold Germany, Berthold USA is not subject to specific or general personal jurisdiction in the Southern District of California.

### A. Specific Jurisdiction Does Not Exist over Berthold USA in this District

Berthold USA does not and has never manufactured, used, sold, and/or imported the accused products in this District. Exhibit B, ¶7. Plaintiff cannot show that its claim for patent infringement against Berthold USA arises from or relates to any contacts with this District. Berthold USA has not purposefully directed any allegedly infringing activities toward the District. Berthold USA has made no sales or shipments of the accused products to this District. Id., ¶ 8. Thus, to the extent there are any acts for which Berthold USA may be liable in this action, the acts occurred outside this District. Accordingly, Berthold USA lacks minimum contacts and cannot be subject to specific jurisdiction in the Southern District of California.

### B. General Jurisdiction Does Not Exist over Berthold USA in this District

Furthermore, Berthold USA has no substantial, continuous and systematic contacts with the Southern District of California. Berthold USA does not have a place of business or any employees located in the District. Berthold USA has no corporate office, branch office or comparable facility in California and has no telephone listings or mailing addresses in this District. Id., ¶ 9. None of Berthold USA's officers, directors, employees or other company representatives reside or are domiciled in this District. *Id.* Berthold USA does not own any tangible or real property in this District. *Id.* Berthold USA does not hold any bank accounts in this Distict. *Id.* Berthold USA has never initiated suit or otherwise sought to utilize the court systems of this District. *Id.* Berthold USA does not pay salaries to any person or entity located in this District. *Id.* Berthold USA does not maintain any stock of goods within this District. *Id.* While Berthold USA has sold products in the District, those products are unrelated to the cause of action. The mere sales of goods unrelated to an action is not sufficient to establish general jurisdiction. *Congoleum*, 729 F.2d at 1242 (sales and promotions of products unrelated to cause of action within forum do not establish general jurisdiction). Thus, general jurisdiction does not exist over Berthold USA

within this District. Berthold USA has no contacts with this District that are substantial, continuous or systematic, and general personal jurisdiction therefore may not be exercised.

Since Berthold USA is not subject to personal jurisdiction within this District, it cannot be found to "reside" in this District under 28 U.S.C. § 1400(b).  Furthermore, since Berthold USA does not reside in this District and it has not committed any alleged acts of infringement in this District, venue in this District over the claim against Berthold USA is improper.

## V. THE CASE SHOULD BE DISMISSED OR TRANSFERRED

If the Court finds venue improper, it must either dismiss the case or transfer the case to another district in which it could have been originally brought.  28 U.S.C. § 1406(a).[2]  In view of Berthold Germany's lack of substantial contacts related to the accused products with any District within the United States, there may be no other district in which this case could originally have been brought.  However, Berthold Germany hereby consents to personal jurisdiction and venue in the United States District Court for the Eastern District of Tennessee at Knoxville, where Berthold USA is headquartered, for the purposes of this action only.  If the Court determines that a transfer, rather than dismissal, is warranted, the case should be transferred to the Eastern District of Tennessee as it is the only district where both Defendants are subject to jurisdiction and venue.

///
///
///
///
///
///
///
///
///

---

[2] Although Berthold Germany is not subject to personal jurisdiction in this Court, this Court retains authority to transfer the entire case in the interests of justice.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962).

## VI. CONCLUSION

Plaintiff has failed to allege and is unable to present facts sufficient to justify this Court asserting personal jurisdiction over Berthold Germany. Furthermore, Plaintiff is unable to present facts to support venue in this District over Berthold USA. Therefore, the Court should dismiss this civil action or, in the alternative, transfer this action to the United States District Court for the Eastern District of Tennessee at Knoxville.

Dated: January 28, 2011               GOODWIN PROCTER LLP


                                      By:  /S/ Kurt M. Kjelland
                                          Kurt M. Kjelland
                                          kkjelland@goodwinprocter.com
                                          Nicole S. Cunningham
                                          nscunningham@goodwinprocter.com
                                          Goodwin Procter LLP
                                          4365 Executive Drive, 3rd Floor
                                          San Diego, CA 92121
                                          Telephone: 858.202.2728
                                          Facsimile: 858.457.1255

                                      Attorneys for Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that a true and correct copy of the above and foregoing document has been served on January 28, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

/s/ Kurt M. Kjelland
Kurt M. Kjelland