1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10   ANTICANCER, INC.,                    )   Civil No. 10cv2343 JAH(JMA)
                                          )
11                   Plaintiff,           )   **ORDER GRANTING**
     v.                                   )   **DEFENDANTS' MOTION TO**
12                                        )   **DISMISS OR, IN THE**
     BERTHOLD TECHNOLOGIES,               )   **ALTERNATIVE, TO TRANSFER**
13   U.S.A., LLC. and BERTHOLD            )   **[DOC. # 14] AND DENYING**
     TECHNOLOGIES GMBH & CO., KG.,        )   **PLAINTIFF'S MOTION FOR**
14   and DOES 1-100,                      )   **DISCOVERY [DOC. # 16]**
                                          )
15                   Defendants.          )
                                          )
16   _____

17                            **INTRODUCTION**

18          Currently pending before this Court is the motion to dismiss or transfer filed by

19   defendants Berthold Technologies, U.S.A., LLC ("Berthold USA") and Berthold

20   Technologies GMBH & Co., K.G. ("Berthold Germany") (collectively "defendants") and

21   the motion for discovery filed by plaintiff AntiCancer, Inc. ("plaintiff"), which was filed

22   concurrently with its opposition to defendants' motion.  The motions have been fully

23   briefed by the parties.  After a careful consideration of the pleadings and relevant exhibits

24   submitted, and for the reasons set forth below, this Court GRANT defendants' motion to

25   dismiss or transfer, DENIES plaintiff's motion for discovery, and transfers the instant case

26   to the Eastern District of Tennessee.

27   //

28   //

1

## BACKGROUND[1]

2    The instant complaint alleges defendants infringed upon plaintiff's patent

3 nos. 6,649,159 (" the '159 patent") and 6,759,038 ("the '038 patent") (collectively "the

4 patents-in-suit") through the sale of defendants' products, including the NightOWL LB

5 981 NC 100, the NightOWL II LB983, the NightOWL II LB983 NC 320, and the

6 NightOWLcam NC 320 (collectively "the accused products").  The '038 patent claims

7 methods for following metastasis by looking at green flourescent protein-expressing tumor

8 cells in vertebrate animal organ tissues.  The '159 patent claims methods of molecular

9 imaging using fluorophores linked to the endogenous promoters of genes, offering means

10 for recording and analyzing gene expression in animals.  The accused products are

11 instruments used for molecular imaging which, when used in a certain manner, are alleged

12 to practice the claimed methods contained in plaintiff's patents-in-suit.

13    Berthold Germany is a German corporation.  Berthold USA is a wholly owned

14 subsidiary of Berthold Germany and has its principal place of business in Oak Ridge,

15 Tennessee.  The accused products are designed and manufactured in Germany.  Berthold

16 USA purchases the accused products from Berthold Germany and transports them to its

17 Tennessee headquarters for sale in the United States.  Seven accused products have been

18 sold by Berthold USA since November 12, 2004, and a total of fourteen accused products

19 have been sold since November 2000, when Berthold USA was formed.[2]  Four of the seven

20

21    [1] These background facts are taken from the parties' briefs and are, for the most part, undisputed.
22 Where the facts are in dispute, this Court resolves the dispute in plaintiff's favor for purposes of the instant
motion.  Nuance Communications, Inc. v. Abbyy Software House, 626 F.3d 1222, 1231 (Fed. Cir. 2010).

23    [2] Because patent infringement claims are subject to a six year statute of limitations, see 35 U.S.C. §
24 286, defendants claim this Court should consider only those accused products sold within the six year
limitations period, beginning on November 12, 2004, six years prior to the filing date of the instant
25 complaint until the present. See Doc. # 14-1 at 2 n.1.  Plaintiff, however, disputes that the statute of
limitations has any bearing on the determination of jurisdiction, noting that "there might very well have been
26 sales of the accused devises prior to that date.  Doc. # 15 at 5.  Defendants, in reply, point out that any
manufacture, sale or distribution of the accused products that occurred prior to November 12, 2004 could
27 not give rise to personal jurisdiction because the conduct could not give rise to a cause of action.  Doc. # 17
at 5.  Although this Court agrees with defendants that any conduct alleged to occur prior to November 12,
28 2004 falls outside the limitations period, this Court views the facts in the light most favorable to plaintiff,
see Nuance, 626 F.3d at 1231,and thus will consider all sales of the accused products by defendants since
the companies' inception. However, this Court notes that Berthold USA has never manufactured, sold or

1  products were sold to entities in California.

2       Plaintiff's complaint was filed on November 12, 2010.  Defendants filed the instant

3  motion to dismiss or transfer on January 28, 2011.  Plaintiff filed its opposition to the

4  motion, along with its motion for discovery, on March 14, 2011.  Defendants' reply brief

5  was filed on March 21, 2011.  The motions were subsequently taken under submission

6  without oral argument.

7                            **DISCUSSION**

8       Defendants move to dismiss the instant complaint on the grounds that personal

9  jurisdiction over defendant Berthold Germany is lacking pursuant to Rule 12(b)(2) of the

10  Federal Rules of Civil Procedure.  Defendants also move to dismiss the claims against

11  Berthold USA on the grounds that venue is not proper in this District.  In the alternative,

12  defendants move to transfer the entire case to the Eastern District of Tennessee, where

13  Berthold USA is headquartered and, thus, where venue is proper.[3]

14  **1.    Legal Standard**

15       **a.    Personal Jurisdiction**

16       Under Federal Rule of Civil Procedure 12(b)(2), a court may dismiss a case for "lack

17  of jurisdiction over the person." Fed.R.Civ.P. 12(b)(2).  In patent infringement actions,

18  Federal Circuit law controls the determination of whether personal jurisdiction over an

19  out-of-state defendant should be exercised.  Nuance Communications, Inc. v. Abbyy

20  Software House, 626 F.3d 1222, 1230 (Fed. Cir. 2010);  Hildebrand v. Stock Mfg. Co.,

21  279 F.3d 1351, 1354 (Fed. Cir. 2002); Deprenyl Animal Health, Inc. v. Univ. of Toronto

22  Innovations Found., 297 F.3d 1343, 1348 (Fed. Cir. 2002).  The Federal Circuit has

23  established a two prong test for determining if the Court's assertion of personal

24  jurisdiction is proper: (1) whether jurisdiction comports with the applicable state's

25

26  distributed the accused products in this District or otherwise placed products in the stream of commerce that
    have made their way to San Diego since its inception in November 2000. *See* Mullins Decl. ¶ 2.

27

28       [3] Berthold Germany consents to the exercise of personal jurisdiction and venue in the Eastern
    District of Tennessee at Knoxville, where jurisdiction and venue is proper for Berthold USA, for purposes
    of this action only. *See* Doc. # 14-1 at 10.

long-arm statute; and (2) whether jurisdiction satisfies constitutional due process requirements.  Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201-02 (Fed. Cir. 2003).

As to the first prong, California's long arm statute provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Civ. Proc. Code § 410.10 (2003).  Because California law allows the exercise of jurisdiction to the same extent as due process under the United States Constitution, the only question is whether the exercise of jurisdiction over the defendant is constitutional.  See Silent Drive, 326 F.3d at 1202.  Due process requires that the exercise of jurisdiction over the defendant is in accord with "traditional notions of fair play and substantial justice," thus the nonresident defendant is required to have "certain minimum contacts" with the forum state in order for jurisdiction to be proper. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be found where the defendant's activities subject him to either general or specific jurisdiction.  General jurisdiction exists where a nonresident defendant has had "'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." Silent Drive, 326 F.3d at 1200.  "[N]either the United States Supreme Court nor [the Federal Circuit] has outlined a specific test to follow when analyzing whether a defendant's activities within a [forum] are 'continuous and systematic.'" LSI Indus., Inc. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1375 (Fed. Cir. 2000).

The Federal Circuit has, however, outlined a three factor test for determining whether specific jurisdiction exists: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities within the forum; and (3) whether the assertion of personal jurisdiction is reasonable and fair." Silent Drive, 326 F.3d at 1202.  Specific jurisdiction is properly exercised even if the contacts with the forum state are isolated and sporadic so long as the cause of action arises out of or relates to the contacts with the forum.  Id.

at 1200.  A "substantial connection" with the forum arising out a "single act can support jurisdiction."  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 n. 18 (1985)(citing <u>McGee v. Int'l Life Ins. Co.</u>, 355 U.S. 220, 223 (1957)).  Where, as here, the plaintiff has conducted no jurisdictional discovery, plaintiff "need only make a prima facie showing of jurisdiction."  <u>Nuance</u>, 626 F.3d at 1231.  If plaintiff's factual allegations are not in dispute, the court must accept them as true for purposes of determining jurisdiction.  <u>Id.</u>  If the facts are in dispute, the court must resolve those disputes in plaintiff's favor.  <u>Id.</u>

> **b.     Venue**

28 U.S.C. § 1400(b), which governs venue determinations in patent infringement cases, provides that "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).

> [A] corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any judicial district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.

28 U.S.C. § 1391(c).  Thus, venue and personal jurisdiction determinations in patent cases involve the same analysis and do not need to be considered separately.  <u>Hollyanne Corporation v. TFT, Inc.</u>, 199 F.3d 1304, 1305 (Fed. Cir. 1999).  However, because California has more than one judicial district, the personal jurisdiction analysis here must be focused upon contacts with  this District, as if it were a separate state.  *See* 28 U.S.C. § 1391(c).  "Plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated."  <u>Hope v. Otis Elevator Co.</u>, 389 F.Supp.2d 1235, 1243 (E.D. Cal. 2005).

//

//

//

1  **2.      Analysis**

2      **a.      Berthold Germany**

3      Defendants contend that both general and specific jurisdiction over Berthold

4  Germany is lacking.  In regards to general jurisdiction, plaintiff contends that Berthold

5  Germany's prior attendance at trade shows, at which Berthold Germany employees

6  awarded prizes, presented a paper, and attended a clinical laboratory exposition,[4] along

7  with the fact that it intends to attend another trade show in 2012 is sufficient to invoke

8  general jurisdiction.  *See* Doc. # 15 at 7-8.  Defendants, in reply, point out  "the law is

9  clear that visits to a forum to attend trade shows do not constitute 'continuous and

10 systematic' contacts" in order to  support the exercise of general jurisdiction.  Doc. # 17

11 at 3 (citing <u>Autogenomics, Inc. v. Oxford Gene Technology Ltd.</u>, 566 F.3d 1012, 1017-

12 1018 (Fed. Cir. 2009); <u>Core-Vent Corp. v. Nobel Indust. AB</u>, 11 F.ed 1482, 1490 (9th

13 Cir. 1993)).  This Court agrees with defendants that Berthold Germany's attendance at

14 trade shows cannot, without more, support the exercise of general jurisdiction over

15 Berthold Germany.  *See* <u>Autogenomics</u>, 566 F.3d at 1017-1018; <u>Silent Drive</u>, 326 F.3d at

16 1200.

17     As to specific jurisdiction, plaintiff points to the following facts:

18     1.     Berthold Germany provided information to plaintiff in 2004 and 2005 in

19            regards to a re-examination proceeding concerning an unrelated patent

20            owned by a third party;

21     2.     Plaintiff contacted Berthold Germany to discuss the possibility of a licensing

22            proposal; and

23     3.     Discussions regarding the licensing proposal between plaintiff and Berthold

24            Germany were conducted in Germany.

25 Doc. # 16 at 6-7.  Defendants contend that information provided by Berthold Germany

26 regarding the re-examination of a third party's patent is clearly not related to the claims

27

28     [4] Defendants note that only Berthold USA employees attended the clinical laboratory exposition
cited by plaintiff.  Doc. # 17 at 3 n.1.

1  in this case.  Doc. # 17 at 2.  In addition, defendants contend that contact initiated by

2  plaintiff regarding a proposed licensing agreement cannot give rise to jurisdiction over

3  Berthold Germany because Berthold Germany could not reasonably expect to be sued in

4  California based on a proposal made by a California resident which is discussed in

5  Germany.  This Court again agrees with defendants that none of the contacts alleged by

6  plaintiff relate to or arise out of the claims at issue in this case.  Therefore, this Court finds

7  specific jurisdiction over Berthold Germany is also lacking.

8          **b.      Berthold USA**

9          Defendants contend that venue is improper in this District as to Berthold USA

10 because Berthold USA cannot be found to reside in this District.  Defendants explain that,

11 although Berthold USA has had contacts with California, there is no evidence

12 demonstrating it has had any contacts with this District which is required to demonstrate

13 that venue is proper.  *See* Doc. # 15 at 8-10; *see* 28 U.S.C. § 1391(c).  Plaintiff, in

14 opposition, contends that both specific and general jurisdiction exist over Berthold USA

15 and, therefore, venue is proper in this District.

16         According to plaintiff, jurisdiction, both general and specific,[5] exists over Berthold

17 USA based on (1) an e-mail sent by Charles Schmidt, the National Sales Manager for

18 Berthold USA, to plaintiff and the attendance at trade shows and scientific meetings; and

19 (2) an advertisement for re-sale of one NightOwl instrument in San Diego which was

20 claimed to be used in San Diego by a local San Diego biotech firm prior to being

21 advertised for re-sale by a third party.[6]  *See* Doc. # 16 at 9-10.

22 //

23

24         [5] Although plaintiff presents separate arguments in regards to general and specific jurisdiction, the
arguments do not appear to fit within their intended parameters.  *See* Doc. # 15 at 9-10.  For instance,

25 plaintiff argues general jurisdiction exists based on the alleged sale of one used NightOwl instrument, an
argument more properly presented in support of specific jurisdiction.  *See* id. at 10.  Thus, this Court

26 addresses plaintiff's arguments as it deems appropriate and not as specifically presented by plaintiff.

27         [6] Plaintiff also points to the fact that Dr. Manfred Hennecke, International Sales Manager of
Berthold Germany, in 2004, discussed with plaintiff the possibility of obtaining a license from AntiCancer

28 regarding its imaging patents.  *See* Doc. # 15 at 3, 10.  However, this evidence has no bearing on Berthold
USA's contacts with this District for purposes of venue and will not be addressed.

10cv2343

1

### 1.    E-Mail and Attendance at Trade Shows and Meetings

2   In regards to the e-mail sent by Schmidt, in which Schmidt inquired as to whether

3   plaintiff was interested in learning more about the company's products, plaintiff contends

4   this evidence "raises the inference that Berthold USA markets and sells directly to

5   customers in San Diego ..." and "raises the strong possibility that Berthold USA has

6   specifically reached out to other biotech companies in this forum." Id. at 10.  Plaintiff also

7   contends that Berthold Germany's attendance at trade shows and scientific meetings raises

8   an inference that Berthold USA also attended those events.[7]  See id.

9   Defendants, in reply, claim that neither the e-mail inquiry nor the attendance at

10   trade shows or meetings can be considered sales, manufacturing, offers to sell, or uses of

11   their products such that the evidence might support a finding that venue is proper in this

12   District.  Doc. # 17 at 6-7.  Defendants explain that the e-mail was simply an inquiry and

13   no sale resulted from it.  Id. at 6.  Defendants also explain that the 2010 clinical lab

14   exposition was held in Anaheim, California and, therefore, is irrelevant to the venue

15   determination.  Id. at 6.  In addition, defendants explain that, although Berthold USA

16   displayed its NightOwl system at the 2008 AACR meeting, it did not attend the meeting

17   for the purpose of negotiating sales or taking orders for sales of its products.  Id. at 6-7.

18   Specifically, defendants point out that no pricing information or price quotes were

19   available at the meeting and no NightOwl products were sold.  Id.  at 7.

20   This Court is persuaded by the reasoning presented by the district court in Medical

21   Solutions, Inc. v. C Change Surgical LLC, 468 F.Supp.2d 130, 132-135 (D.D.C. 2006),

22   aff'd, 541 F.3d 1136 (Fed. Cir. 2008), in which the court addressed the issue of personal

23   jurisdiction based on attendance of an alleged infringer at a trade show in the forum

24   district.  The Medical Solutions court reasoned that the display of an item at a trade show

25   to a large number of people without available pricing information listed cannot be

26

27   [7] Defendants admit Berthold USA attended the 2010 clinical lab exposition cited by plaintiff and
28   admit Berthold USA employees attended the 2008 AACR (American Association of Cancer Research) Annual
Meeting held in San Diego which was not mentioned by plaintiff.  Doc. # 17 at 6.  Thus, no inference of
attendance by Berthold USA is needed.

considered "use" or "offer to sell" as defined by 35 U.S.C. § 271(a) because there is no "manifestation of [a] willingness to enter into a bargain." Id. at 135. Here, there is no evidence, nor does plaintiff allege, that Berthold USA manifested a willingness to enter into a bargain when it attended the 2008 AACR meeting and displayed its products nor when the e-mail inquiry was sent by Schmidt regarding plaintiff's interest in the NightOwl product. Thus, this Court finds these facts do not support the exercise of personal jurisdiction over Berthold USA.

## 2.    Advertisement for Re-Sale of NightOwl

Plaintiff also claims an advertisement by a third party, BioSurplus, selling a used NightOwl instrument in San Diego provides evidence that jurisdiction over Berthold USA is appropriate, explaining that "[r]egardless of whether it was Berthold USA or its 'third party sales agent' that sold the product here in San Diego, the Federal Circuit is clear that jurisdiction is appropriate where the defendant 'purposefully shipped products through an approved distribution channel with the expectation that those products would be sold in the forum.'" Doc. # 15 at 10 (quoting Nuance, 626 F.3d at 1233-34). Defendants respond by noting the manufacturer listed on BioSurplus' advertisement was "EG&G Berthold" which is not the same company as Berthold USA or Berthold Germany.[8] Doc. # 17 at 6. Defendants further note that NightOwl products sold by EG&G Berthold would have occurred prior to 2000, ten years before the instant complaint was filed, well beyond the statute of limitations period. Id. Thus, defendants contend this evidence cannot support jurisdiction over Berthold USA. Id.

This Court is not persuaded by plaintiff's argument that one used NightOwl instrument being advertised for sale in San Diego which has not been proven to have originally been sold by Berthold USA provides sufficient evidence to demonstrate Berthold USA "purposefully shipped" its products "through an approved distribution channel with

---

[8] Defendants explain that the original Berthold company was formed in the 1940's and sold to EG&G, Inc., in 1989 and it later became known as PerkinElmer. Doc. # 17 at 6. The Berthold division of that company, EG&G Berthold, sold NightOwl products between 1990 and 2000. Id. Defendants point out that neither Berthold Germany nor Berthold USA have any affiliation with PerkinElmer. Id.

1   the expectation that [the products] would be sold in the forum." Nuance, 626 F.3d
2   at 1235.  Therefore, this Court finds this evidence also fails to support this Court's
3   jurisdiction over Berthold USA.  Accordingly, this Court finds venue is not proper in this
4   District over the claims of Berthold USA because the evidence presented fails to
5   demonstrate Berthold USA resides in this District as required by 28 U.S.C. § 1391(c).

6       **c.   Jurisdictional Discovery**

7       Plaintiff also filed a motion for leave to conduct jurisdictional discovery
8   concurrently with its opposition brief, contending that limited discovery might uncover
9   facts to support a finding that personal jurisdiction exists over defendants.  *See* Doc. # 15
10  at 11-12; Doc. # 16.  Plaintiff contends there are pertinent facts in dispute that bear on
11  the jurisdictional issues at bar.  Doc. # 15 at 12.  Plaintiff cites several topics which it
12  seeks to address during discovery, only one of which concerns the issues involved in this
13  case, that is, the extent of defendants' attendance at trade shows and scientific meetings
14  in regards to sales and marketing efforts.[9]  *See* id. at 12-13.  Defendants, in reply, oppose
15  the motion on the grounds that the information sought by plaintiff has already been
16  provided to plaintiff and presented to the Court in defendants' reply brief.  Doc. # 17 at 9
17  (noting information regarding trade shows and meetings are explained fully in defendants'
18  reply brief and the facts are not disputed).  This Court finds that most of the facts alleged
19  to be disputed are not relevant to the issue of jurisdiction and those facts that bear on the
20  issues are undisputed.  Thus, plaintiff's request for discovery appears to be "based on little
21  more than a hunch that it might yield jurisdictionally relevant facts."  Patent Rights
22  Protection Group, LLC v. Video Gaming Technologies, Inc., 603 F.3d 1364, 1372 (Fed.
23  Cir. 2010)(citing Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008)).  As such,
24  this Court deems it inappropriate to grant plaintiff's request.  Accordingly, plaintiff's
25  motion for jurisdictional discovery is DENIED.

26

27      [9] Plaintiff also seeks to conduct discovery regarding the re-examination of a third party's patent and
28  plaintiff's negotiations with Berthold Germany concerning licensing.  However, none of this information is
relevant to the jurisdictional issues presented here and, thus, does not support plaintiff's request for
jurisdictional discovery.

1      **d.      Dismiss or Transfer**

2            Defendants, in their moving papers, seek an order either dismissing the instant

3      complaint or, in the alternative, transfer of the action as a whole to the Eastern District

4      of Tennessee at Knoxville.  *See* Doc. # 14-1 at 10 (citing 28 U.S.C. § 1406(a)).  Berthold

5      Germany explicitly consents to the exercise of personal jurisdiction and venue in the

6      Eastern District of Tennessee.  Id.  Despite the fact that this Court finds it lacks personal

7      jurisdiction over Berthold Germany, this Court retains the authority to transfer the entire

8      case under Section 1406(a) in the interests of justice.  Goldlawr v. Heiman, 369 U.S. 463,

9      465 (1962).  This Court finds, based on defendants' consent to jurisdiction in Tennessee,

10     that the interests of justice favors transfer of this case in lieu of dismissal under 28 U.S.C.

11     § 1406(a).

12                      **CONCLUSION AND ORDER**

13           Based on the foregoing, IT IS HEREBY ORDERED that:

14     1.      Defendants' motion to dismiss or transfer [doc. # 14] is **GRANTED**;

15     2.      Plaintiff's motion for discovery [doc. # 16] is **DENIED**; and

16     3.      The instant complaint is transferred to the Eastern District of Tennessee at

17             Knoxville for all further proceedings pursuant to 28 U.S.C. § 1406(a).

18

19     DATED:      September 16, 2011

20

21                                                   JOHN A. HOUSTON
                                                     United States District Judge
22

23

24

25

26

27

28

11                                                                              10cv2343